CUNNINGHAM (BELL v.).    See Case No. 1,246.

---

## Case No. 3,480.

### CUNNINGHAM v. CADY.

[13 N. B. R. (1876) 525;[1] 8 Chi. Leg. News, 165; 4 Am. Law. Rec. 510.]

District Court, N. D. Ohio.

BANKRUPTCY—FRAUDULENT CONVEYANCE—INTENT—PROOF OF CLAIM—PRACTICE—DEPOSITIONS.

1. A deposition to an act of bankruptcy consisting of a fraudulent conveyance, must allege or show the fraudulent intent of the debtor in making the conveyance.

2. A deposition to a proof of a claim in involuntary bankruptcy must show whether the claim is secured or unsecured.

3. A petition will not be dismissed, because the depositions in support thereof are defective; but the petitioning creditor, on motion, will be allowed to file supplemental depositions.

4. When the depositions are defective, the order to show cause will be set aside, but a new

[1] [Reprinted from 13 N. B. R. 525, by permission.]

order may be issued on supplemental depositions.

[Petition by John Cunningham for an adjudication in bankruptcy against Alson Cady.]

WELKER, District Judge. On the 8th of January, 1876, John Cunningham filed in this court his petition against said Cady, debtor, containing the necessary allegations required by the bankrupt act, and duly verified. Depositions were also presented in support of the allegations of the petition, and filed with the same. Thereupon an order to show cause was made against the debtor, and served on him as required by the act. The debtor, by his counsel, now moves the court to dismiss the petition and proceedings for the following reasons: First. That the deposition in proof of the act of bankruptcy charged is insufficient in law. Second. That the deposition in proof of the petitioner's claim against the debtor is also insufficient in law.

The first insufficiency complained of is: that while the deposition sets forth the fact of a conveyance by the debtor of his property to his father-in-law, it fails to show or allege that it was done with an intent of a fraudulent nature under the provisions of the bankrupt law. The second insufficiency alleged is: that the deposition in support of the petitioner's claim, fails to show whether the claim is secured or unsecured; or if secured, to what extent—whether it is not wholly secured—so that the court can judge of the amount provable.

As to the act of bankruptcy, the deposition is defective in failing to allege or show fraudulent intent of the debtor in making the conveyance. But as to the second specification of the motion, the petitioning creditor insists that the proof is sufficient; that he need not prove that his claim was not secured; that if he were so secured, the fact should have been pleaded in an answer and not by preliminary motion. There is some authority for holding that, unless it appears that the claim is fully secured, it is still a provable claim under a proper interpretation of the bankrupt law. But without undertaking to determine that question, it is sufficient to say, that it is the better practice to set out in the deposition all the material facts concerning the claim; in other words, to "give a particular description of the debt," as prescribed in the form given by the supreme court. It follows that, owing to the defects of the proofs, they must be amended before the debtor can be required to answer the petition; and that the order to show cause was improvidently issued. The question now arises, whether the debtor's motion to dismiss the petition, and the whole proceedings, on that account, shall be allowable. At this stage of the matter, the petitioning creditor interposes his motion for leave to file further and supplemental depositions in proof of his debt, and of the act of bankruptcy in support of his motion.

I think this motion should be allowed for the following reasons: The jurisdiction of the court over the subject-matter of the proceeding is acquired by the filing of a petition framed and verified in accordance with the provisions of the act, and the rights and liabilities of all the parties relate and are determined by the time at which the petition is filed. On the filing of the petition, it is provided by the act that, "if it shall appear that sufficient grounds exist therefor," an order to show cause shall be entered against the debtor, etc. How the sufficient "grounds" shall be made to appear is not shown in the text of the statute; and in the absence of any other construction of this portion of the section, it would be naturally inferred that it would be by an inspection of the petition itself. But the supreme court has seen fit to require proofs of the truth of the principal allegations by separate depositions as a condition precedent to the order to show cause, and in fulfilment of the requirements of the language in question. No defect in the petition is complained of, but the defect is in a subsequent and incidental matter. That defect may be cured without prejudice to the regularity or the sufficiency of the petition, in the mode proposed by the motion of the petitioner, and thus the rights and liabilities created by the filing of the petition are preserved without any hardship upon the debtor. The petition, and the depositions in support thereof, are not so intimately connected with each other that, if the depositions are defective, the petition must necessarily be dismissed. It may be sustained while the proofs may not be held sufficient.

The order to show cause is set aside at the cost of the petitioner, and he has leave to file supplemental proofs in support of his allegations as to his claim, and as to acts of bankruptcy, on the filing of which, if found sufficient, an alias order to show cause will be entered.